1  JOHN L. BURRIS Esq., SBN 69888
   BENJAMIN NISENBAUM, Esq., SBN 222173
2  JAMES COOK Esq., SBN 300212
   **LAW OFFICES OF JOHN L. BURRIS**
3  Airport Corporate Centre
   7677 Oakport Street, Suite 1120
4  Oakland, California 94621
   Telephone: (510) 839-5200
5  Facsimile: (510) 839-3882
   John.Burris@johnburrislaw.com
6  Ben.Nisenbaum@johnburrislaw.com
   James.Cook@johnburrislaw.com
7
8  Attorneys for Plaintiffs,
   SAMUEL GILLESPIE and SUZANNE GILLESPIE

9

10                **UNITED STATES DISTRICT COURT**

11          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 SAMUEL GILLESPIE, an individual; and SUZANNE GILLESPIE, an individual, | CASE NO.: |
| 14 | **COMPLAINT FOR DAMAGES** |
| 15 Plaintiffs, | **JURY TRIAL DEMANDED** |
| 16 vs. | |
| 17 COUNTY OF ALAMEDA, a municipal corporation; MARCO A. TORRES, individually | |
| 18 and in his official capacity as a Sheriff's Deputy for the COUNTY; MATTHEW D. | |
| 19 YARBOROUGH, individually and in his official capacity as a Sheriff's Deputy for the | |
| 20 COUNTY; LEO M. BASPED, individually and in his official capacity as a Sheriff's Deputy for | |
| 21 the COUNTY; E. BERUMEN individually and in his official capacity as a Sheriff's Deputy for | |
| 22 the COUNTY; S. HOLLAND, individually and in his official capacity as a Sheriff's Deputy for | |
| 23 the COUNTY; MICAH S. BENNETT, individually and in his official capacity as a | |
| 24 Sergeant for the COUNTY; GREGORY J. AHERN, individually and in his official capacity | |
| 25 as Sheriff for the COUNTY; and DOES 1-50, | |

1

inclusive, individually, jointly and severally,

2

Defendants.

3

4

**INTRODUCTION**

5

1.   This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and

6

1988, and the Fourth Amendment to the United States Constitution, under California Civil Code

7

Section § 52.1, and under the common law of California. It is alleged that these violations and

8

torts were committed during the course and scope of the above-mentioned law enforcement

9

officers' employment with the aforementioned government agencies and DOES 1-50.

10

**JURISDICTION AND VENUE**

11

2.   This action arises under Title 42 of the United States Code, § 1983. Title 28 of the

12

United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts

13

and practices alleged herein occurred in California, which is within the judicial district of this

14

Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action

15

under 28 U.S.C. § 1367.  Supplemental Jurisdiction of this court is invoked pursuant to 28

16

U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that

17

they form part of the same case or controversy under Article III of the Constitution of the United

18

States of America.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants

19

are believed to reside in this district and all incidents, events, and occurrences giving rise to this

20

action occurred in this district.

21

**ADMINISTRATIVE PREREQUISITES**

22

3.   Plaintiffs are required to comply with an administrative tort claim requirement

23

under California Government Code Section 910. Plaintiffs submitted a claim to the COUNTY

24

25

OF ALAMEDA under the CA Tort Claims Act on March 24, 2020.  Plaintiffs have exhausted all administrative remedies pursuant to California law.

## **PARTIES**

4.     Plaintiff SAMUEL GILLESPIE ("PLAINTIFF" or "Mr. GILLESPIE") has been and is a resident of California and a United States Citizen.

5.     Plaintiff SUZANNE GILLESPIE ("PLAINTIFF" or "Ms. GILLESPIE") has been and is a resident of California and a United States Citizen.

6.     Defendant COUNTY OF ALAMEDA ("COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY OF ALAMEDA Sherriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant COUNTY was the employer of Defendant Sherriff's Deputies, individually and as Sherriff's Deputies.

7.     Defendant MARCO A. TORRES ("TORRES") at all times mentioned herein, was employed by Defendant COUNTY as a Sherriff's Deputy for the COUNTY, and was acting within the course and scope of that employment.  He is being sued individually and in his official capacity as a Sherriff's Deputy for the COUNTY.

8.     Defendant MATTHEW D. YARBOROUGH ("YARBOROUGH") at all times mentioned herein, was employed by Defendant COUNTY as a Sherriff's Deputy for the COUNTY, and was acting within the course and scope of that employment.  He is being sued individually and in his official capacity as a Sherriff's Deputy for the COUNTY.

9.    Defendant LEO M. BASPED ("BASPED") at all times mentioned herein, was employed by Defendant COUNTY as a Sherriff's Deputy for the COUNTY, and was acting within the course and scope of that employment.  He is being sued individually and in his official capacity as a Sherriff's Deputy for the COUNTY.

10.    Defendant E. BERUMEN ("BERUMEN") at all times mentioned herein, was employed by Defendant COUNTY as a Sherriff's Deputy for the COUNTY, and was acting within the course and scope of that employment.  He is being sued individually and in his official capacity as a Sherriff's Deputy for the COUNTY.

11.    Defendant S. HOLLAND ("HOLLAND") at all times mentioned herein, was employed by Defendant COUNTY as a Sherriff's Deputy for the COUNTY, and was acting within the course and scope of that employment.  He is being sued individually and in his official capacity as a Sherriff's Deputy for the COUNTY.

12.    Defendant MICAH S. BENNETT ("BENNETT") at all times mentioned herein, was employed by Defendant COUNTY as a Sherriff's Sergeant for the COUNTY, and was acting within the course and scope of that employment.  He is being sued individually and in his official capacity as a Sherriff for the COUNTY.

13.    Defendant GREGORY J. AHERN ("AHERN") at all times mentioned herein, was employed by Defendant COUNTY as Sherriff for the COUNTY, and was acting within the course and scope of that employment.  He is being sued individually and in his official capacity as a Sherriff for the COUNTY.

14.    Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some

manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

<b>FACTUAL ALLEGATIONS</b>

15.   The incident took place on August 1, 2019.  The approximate time of the incident was 2:40 p.m.  The location of the incident was 21303 Tyee Street, Castro Valley, CA 94546. Alameda County Sheriff Deputies unnecessarily used a canine officer to arrest Samuel Gillespie.

16.   Deputy Yarborough released canine officer Queen in an attic room of Gillespie's home.  Mr. Gillespie was in the attic room.  Queen proceeded to bite Gillespie on his ankle. However, when deputy handlers called off the attack, canine Queen persisted.  Queen bit into Gillespie's leg.  Deputies continued to command retreat.  However, canine Queen latched to shake and tear at Gillespie's leg.  Finally, Deputy Yarborough tackled the animal.  As a result, Deputy Yarborough and the canine fell through the attic ceiling.  Yarborough and Queen landed in the residence living room one floor below.  The extensive dog bite injury prompted Deputies to transport Mr. Gillespie to Eden Hospital.  Eden Medical Care Center is located at 20103 Lake Chabot Rd, Castro Valley, CA 94546.  Mr. Gillespie told the medical staff that his pain was greater than a "ten."  However, Deputies instructed the medical staff to record that Gillespie's pain was a "four."  This enabled Defendant Deputies to transport Mr. Gillespie to Santa Rita jail. Santa Rita Jail medical staff treated the laceration with six stiches.

17.   As a result, Gillespie remained in jail for 45 days.  During this time, the bite gash became severely infected with Methicillin-resistant Staphylococcus aureu (MRSA), sepsis, and cardiomyopathy.  Upon release, Mr. Gillespie checked into Eden Medical Center.  Gillespie remained in the hospital under critical care for more than two months.  Part of the critical care

treatment required intravenous antibiotics three times daily.  Initially Gillespie was charged with

resisting arrest, PC 148(a) (1).  The charge was dropped.

18.     SUZANNE GILLESPIE, Samuel's mother, was arrested and taken to jail.

Initially, she was charged with obstructing a peace officer, PC 148 (a) (1), and harboring a felon

to escape arrest, PC 32.  All charges were later dropped.

## DAMAGES

19.     Plaintiffs found it necessary to engage the services of private counsel to vindicate

their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or

costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42

U.S.C. §§§§ 1983, 1985-86 and 1988.  Plaintiffs are also entitled to punitive damages under 42

U.S.C. §§§§ 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION
### (1983 CAUSE OF ACTION)
### (42 U.S.C. § 1983)
### (Against All Defendants)

20.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 of this

Complaint.

21.     Plaintiffs brings their federal claims under the federal statute, 42 U.S.C. § 1983,

which provides that any person or persons who, under color of law, deprives another of any

rights, privileges, or immunities secured by the Constitution or laws of the United States shall be

liable to the injured party.

22.     Defendants' above-described conduct constituted violations of Plaintiffs' rights as

provided for under the Fourth Amendment to the United States Constitution.  These rights

include but are not limited to the right to be free from excessive force and/or the arbitrary and/or

unreasonable use of force against them.

23. As a result, Defendants are liable for violations under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(1983 - Fourth Amendment Unlawful Search)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23 of this Complaint.

25. Defendants shall be liable, when acting under color of law, to an injured party whose rights are violated under the Fourth Amendment with respect to unlawful seizures.

26. GILLESPIE was lawfully in his own residence when COUNTY OF ALAMEDA sheriff's deputies descended upon his attic.  The deputies did not have any probable cause to search Mr. GILLESPIE'S attic.  Deputy YARBOROUGH released canine officer Queen onto MR. GILLESPIE.

27. As a result, Defendants are liable for violations under 42 U.S.C. § 1983 for an unlawful search.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(1983 - Fourth Amendment Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27 of this Complaint.

29. Defendants shall be liable to an injured party whose rights are violated under the Fourth Amendment.  Under the Fourth Amendment to the United States Constitution, citizens have the right to be free from unreasonable detentions and seizures.

30.     GILLESPIE was lawfully in his own residence when COUNTY OF ALAMEDA sheriff's deputies descended upon his attic.  Deputies did not have probable cause to arrest Mr. GILLESPIE.  The sheriff's deputies took GILLESPIE to Santa Rita jail. MR. GILLESPIE'S mother, SUZANNE GILLESPIE lawfully in her own home.  Deputies did not have probable cause to arrest Ms. GILLEPSIE.  She was arrested and taken to jail.

31.     As a result, Defendants are liable for violations under 42 U.S.C. § 1983 for unlawful seizures.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(1983 - Fourth Amendment Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

32.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint.

33.     Defendants shall be liable to an injured party whose rights are violated under the Fourth Amendment.  Under the Fourth Amendment to the United States Constitution, citizens have the right to be free from unreasonable detentions and seizures.

34.     GILLESPIE was lawfully in his own residence when COUNTY OF ALAMEDA sheriff's deputies descended upon his attic.  Deputy YARBOROUGH released canine officer Queen onto MR. GILLESPIE.  The sheriff's deputies took GILLESPIE to Santa Rita jail. MR. GILLESPIE'S mother, SUZANNE GILLESPIE lawfully in her own home.  She was arrested and taken to jail.

35.     As a result, Defendants are liable for violations under 42 U.S.C. § 1983 for an unlawful seizure.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(1983 - Fourth Amendment – Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

36.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 of this Complaint.

37.     Defendants shall be liable to an injured party whose rights are violated under the Fourth Amendment.  Under the Fourth Amendment to the United States Constitution, citizens have the right to be free from unreasonable detentions and seizures.

38.     GILLESPIE was lawfully in his own residence when COUNTY OF ALAMEDA sheriff's deputies descended upon his attic.  Deputy YARBOROUGH released canine officer Queen onto MR. GILLESPIE.  Queen continued to bite GILLESPIE'S leg even after her handler, deputy YARBOROUGH, commanded her to release MR. GILLESPIE.

39.     As a result, Defendants are liable for violations under 42 U.S.C. § 1983 for excessive force.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants COUNTY, BENNETT, AHERN and DOES 26-50)**

40.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 of this Complaint.

41.     Plaintiffs are informed and believe and thereon allege that the aforementioned law enforcement agencies and governments' policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury that the government as an entity is responsible for under § 1983. Governmental entities are liable for monetary, declaratory, or injunctive relief where an action that is alleged to be

unconstitutional implements or executes a policy statement, ordinance, regulation, or officially

ratified or adopted decision.  Local governmental entities also can be sued for constitutional

deprivations visited pursuant to governmental policies or customs.  Entity liability arises when

the agency directs the deprivation of federal rights through an express government policy.

Liability is also triggered by a custom or practice so widespread in usage as to constitute the

"functional equivalent" of an express policy. A policy of action is one in which the government

body itself violates someone's constitutional rights, or instructs its employees to do so.  A

policy of inaction is based on a government body's 'failure to implement procedural safeguards

to prevent constitutional violations.  The deliberate indifference requirement applies to claims

involving allegations of constitutional deprivations resulting from governmental inaction or

omission, such as a failure to adequately train. (Monell v. Dept. of Social Services of New York

(1978) 436 U.S.658, 694 [98 S.Ct. 2018, 56 L.Ed.2d 611].)

42.   Regarding the Defendant entity, there are prior cases and incidents which

demonstrate a pattern or practice amounting to a policy of promoting or ratifying similar

Constitutional deprivations.  For example, In January, 2017, COUNTY settled a case in which a

deputy used a dangerous carotid hold on a suspect.  The settlement terms required that deputies

be retrained on use of force.  *Babbitt v. COUNTY OF ALAMEDA, et al.* U.S. Dist. Court, ND

California 3:15-cv-03247 EDL.

43.   As a result, Defendants are liable pursuant to Monell.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE § 52.1)
### (Against All Defendants)

44.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 43 of this

Complaint.

45.     Civil Code Section 52.1, the Bane Civil Rights Act, authorizes suit against anyone who by threats, intimidation, or coercion interferes with the exercise or enjoyment of rights secured by the state or federal Constitutions or laws without regard to whether the victim is a member of a protected class. Civil Code section 52(a) provides for damages up to three times actual damages but a minimum of $4,000 for each violation. (CALJIC  3066)

46.     Despite the fact that Plaintiffs GILLESPIE posed no threat to deputies, both Plaintiffs were assaulted.  Further, SAM GILLESPIE was mauled by a canine officer.

47.     As a result, Defendants are liable under § 52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Negligence)**
**(Against All Defendants)**

48.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 of this complaint.

49.     An individual is liable for injuries caused by failure to exercise reasonable care in the circumstances.  A cause of action for negligence arises when there is a legal duty to use due care.  There is a breach of the legal duty and the breach is the proximate or legal cause of the resulting injury.

50.     Defendants breached a duty of reasonable care to the GILLESPIES by entering their home and attacking SAM GILLESPIE with a K9 officer.  The incident actually and proximately caused injury to SAM GILLESPIE.

51.     As a result, Defendants are liable for negligence.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Assault/Battery)
### (Against All Defendants)

52.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 51 of this Complaint.

53.     Defendants acted with intent to cause harmful or offensive contact, or threatened to touch Plaintiffs in a harmful or offensive manner.  The plaintiff or decedent reasonably believed she was about to be touched in a harmful or offensive manner.  Moreover, it reasonably appeared to plaintiff that defendants were about to carry out the threat.  Plaintiff or decedent did not consent to defendants' harmful contact.  Battery occurred when defendants actually made harm contact with and harmed the plaintiff or decedent.  Defendants' conduct was a substantial factor in causing plaintiff or decedent's harm.

54.     Deputies assaulted the GILLESPIES by entering their home with a show of force. SAM GILLESPIE was further assaulted by a K9 officer.

55.     As a result, Defendants are liable for Assault/Battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

56.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 55 of this Complaint.

57.     Defendants' conduct constituted reckless disregard of the probability of causing emotional distress.  Plaintiffs suffered severe or extreme emotional distress.  Defendants' conduct was the actual and proximate cause of the emotional distress suffered by Plaintiffs.  A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community.  In engaging in the above-described conduct, Defendants

intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer

extreme physical injuries, and emotional distress as a result of Defendants' conduct. (Hughes v.

Pair (2009)46 Cal.4th 1035, 1050–1051 [95 Cal.Rptr.3d 636, 209 P.3d 963]

58.     Utilizing a canine officer to bite Mr. GILLESPIE despite Plaintiffs' compliance

constitutes extreme outrageous conduct.  The K9 attacked caused Mr. GILLESPIE and Ms.

GILLESPIE to suffer emotional distress.

59.     As a result, Defendants are liable for intentional infliction of emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

## ELEVENTH CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**
**(Against All Defendants)**

60.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 59 of this

Complaint.

61.     The doctrine of "negligent infliction of emotional distress" is not a separate tort or

cause of action.  It simply allows certain persons to recover damages for emotional distress only

on a negligence cause of action even though they were not otherwise injured or harmed.  A

"bystander" case is one in which a plaintiff seeks recovery for damages for emotional distress

suffered as a percipient witness of an injury to another person such as a family member.  At all

times, each Defendants owed Plaintiff the duty to act with due care in providing medical care to

Mr. GILLESPIE, and to protect him from physical harm.

62.     SUSAN GILLESPIE watched as her son was attacked and mauled by a K9

officer.  Ms. GILLESPIE may seek "bystander" recovery.

63.     As a result, Defendants are liable for negligent infliction of emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TWELTH CAUSE OF ACTION
### (Violation of California Government Code § 845.6)
### (Against All Defendants)

64.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 63 of this Complaint.

65.     A public employee or public entity acting within the scope of employment is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.  Nothing in this section exonerates a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state from liability for injury proximately caused by malpractice or exonerates the public entity from its obligation to pay any judgment, compromise, or settlement that it is required to pay under subdivision (d) of Section 845.6.

66.     Defendants failed to take reasonable action to treat Plaintiff GILLESPIE's dog bite wounds.  As a result of Defendants' inactions, GILLESPIE suffered a severe infection in his wounds.  Treatment of GILLESPIE's infection required months of hospitalization.

67.     As a result, Defendants are liable for violations of California Government Code § 845.6.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants TORRES, YARBOROUGH, BASPED, BERUMAN, HOLLAND, and DOES 1 through 50 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: June 5, 2020      **LAW OFFICES OF JOHN L. BURRIS**

/s/ *John L. Burris*

John L. Burris, Esq.
Ben Nisenbaum, Esq.
James Cook, Esq.
Attorneys for Plaintiffs,
SAMUEL GILLESPIE and SUZANNE GILLESPIE