UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL GILLESPIE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 20-cv-03735-DMR<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

On June 5, 2020, Plaintiffs Samuel Gillespie and Suzanne Gillespie filed this action against Defendants County of Alameda ("County"), Marco Torres, Matthew Yarborough, Leo Basped, E. Berumen, S. Holland, Micah Bennett, and Gregory Ahern, alleging civil rights violations under 42 U.S.C. § 1983 and related state laws. [Docket No. 1 ("Compl.").] Defendants move to dismiss some of the claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). [Docket Nos. 9 ("Mot."), 14 ("Reply").] Plaintiffs oppose. [Docket No. 12 ("Opp.").] This matter is appropriate for determination without oral argument. Civ. L.R. 7-1(b).

For the reasons stated below, the motion is granted in part and denied in part.

**I.   BACKGROUND**

Mr. Gillespie is a resident of California and Ms. Gillespie is his mother. Compl. ¶¶ 4, 18. At all times relevant to the complaint, Torres, Yarborough, Basped, Berumen, and Holland were sheriff's deputies ("Deputies") and Bennett was a sheriff's sergeant for the County. *Id.* ¶¶ 7-12. Ahern is the County Sheriff. *Id.* ¶¶ 12-13.

The allegations in the complaint are sparse. Plaintiffs allege that on August 1, 2019, Deputies came to their home in Castro Valley. Comp. ¶¶ 15-16. At some point, Gillespie was in his attic with Yarborough. *Id.* ¶ 16. The complaint is not entirely clear on this point, but Plaintiffs assert in their opposition that the other Deputies were also present. Yarborough released canine

1  officer Queen, who bit Gillespie on the ankle.  *Id.*  Deputies called Queen off, but the dog continued
2  to bite Gillespie's leg.  *Id.*  Yarborough eventually tackled Queen, and he and the dog fell through
3  the attic ceiling into the living room below.  *Id.*  Plaintiffs allege that Mr. Gillespie's injuries were
4  "extensive," prompting Deputies to bring him to the hospital.  *Id.*  Mr. Gillespie allegedly told the
5  work staff that his pain was "greater than 'ten.'"  *Id.*  However, Deputies instructed the staff to
6  record his pain as a "four."  *Id.*  This permitted Deputies to bring Mr. Gillespie to Santa Rita Jail,
7  where the medical staff there treated his injury with six stiches.  *Id.*

8  Mr. Gillespie remained in jail for 45 days.  Compl. ¶ 17.  The bite wound became severely
9  infected with Methicillin-resistant Staphylococcus aureu, sepsis, and cardiomyopathy.  *Id.* ¶ 17.
10  When he was released, Mr. Gillespie checked into Eden Medical Center, where he remained under
11  critical care for more than two months.  *Id.*  His injuries required intravenous antibiotics three times
12  a day.  *Id.*  Mr. Gillespie was initially charged with resisting arrest, but the charge was later dropped.
13  *Id.*

14  Ms. Gillespie was also arrested and taken to jail, presumably at the same time as Mr.
15  Gillespie, although the complaint is not clear on that point.  Compl. ¶ 18.  She was charged with
16  obstructing a peace officer and harboring a felon to escape arrest, but these charges were dropped.
17  *Id.*

18  Both Plaintiffs bring claims for (1) violations of their rights under section 1983; (2) unlawful
19  search (section 1983); (3) unlawful seizure (section 1983); (4) unlawful detention (section 1983);
20  (5) excessive force (section 1983); (6) violations of their civil rights pursuant to a government
21  entity's policy or custom under *Monell v. Dep't of Soc. Svcs.*; (7) violation of California Civil Code
22  § 52.1 (the "Bane Act"); (8) negligence; (9) assault/battery; (10) intentional infliction of emotional
23  distress; (11) negligent infliction of emotional distress; and (12) violation of California Government
24  Code § 845.6 for failure to provide medical care.  All claims are asserted by both Plaintiffs against
25  all Defendants, except that the sixth claim is brought only against the County, Bennett, Ahern, and
26  Doe Defendants.  All individual Defendants are sued in both their official and individual capacities.

27  **II.    LEGAL STANDARD FOR RULE 12(B)(6) MOTIONS**
28  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

2

the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id.* at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

**III. DISCUSSION**

Defendants move to dismiss some of Plaintiffs' claims on the grounds that (1) Plaintiffs fail to allege facts relating to anyone other than Yarborough; (2) Plaintiffs' claims against the individual Defendants in their official capacities are impermissibly duplicative of their case against the County;

1  (3) Plaintiffs fail to adequately plead a *Monell* claim; (4) the first and fifth claims are duplicative; (5) the third and fourth claims are duplicative; (6) Plaintiffs' claim for negligent infliction of emotional distress fails as a matter of law; (7) Ms. Gillespie lacks standing to assert the first, fifth, seventh, eighth, ninth, and twelfth claims; (8) Plaintiffs' Bane Act claim is deficient as a matter of law; and (9) Mr. Gillespie fails to adequately plead his claim for denial of medical care. Plaintiffs do not concede any of these points.

### A. Allegations Against Defendants

Defendants argue that the complaint amounts to a "shotgun pleading" that is too vague to understand the claims against them, since it fails to allege facts relating to any Defendant other than Yarborough. "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations," and are "unacceptable" under the pleading standards of Rule 8, *Iqbal*, and *Twombly*. *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). A complaint that alleges "everyone did everything" constitutes one form of shotgun pleading. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). Plaintiffs' allegations clearly fall under that standard. There no factual allegations relating to any Defendant's wrongful conduct other than Yarborough and it is not even clear from the complaint which Defendants were at the Gillespies' house on the date in question. Nor is it clear whether Plaintiffs are asserting that some Defendants, such as Bennett and Ahern, were directly involved in the incident or liable under a supervisory theory. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (holding that a defendant may be held liable as a supervisor under section 1983 only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation").

Plaintiffs do not specifically dispute that the allegations in the complaint are insufficient. Instead, they point to an incident report written by Torres, which is neither referenced in nor attached to the complaint. They claim that the report shows that all Defendants were "integral participants" in the actions giving rise to the alleged constitutional violations. *See United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994) (discussing the "integral participation" theory of liability). Whether

4

the report is sufficient to support their allegations against all other Defendants is irrelevant, since the court may not rely on allegations that do not appear in the complaint to decide a Rule 12(b)(6) motion. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Accordingly, the complaint is dismissed as to all individual Defendants other than Yarborough. Since Plaintiffs may be able to amend the complaint to address these deficiencies, the court also reaches Defendants' other arguments with respect to these individuals to obviate the need to address them in a future motion.

### B. Official Capacity Actions

Defendants argue that Plaintiffs' claims against the individual Defendants in their official capacities are impermissibly duplicative of their claims against the County. This position is well-established in the caselaw. *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."); *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("[I]f individuals are being sued in their official capacity as municipal officials *and* the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." (emphasis in original)). *Kentucky v. Graham*, cited by Plaintiffs, is not to the contrary. *See* 473 U.S. 159, 165 (1985). That case merely explains the difference between personal and official capacity suits and explicitly affirms that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*; *see Ctr. for Bio-Ethical Reform, Inc*, 533 F.3d at 799 (citing *Kentucky* for the proposition that an official capacity suit against a municipal officer is redundant where the municipality is also named). Plaintiffs' position is therefore meritless.

Defendants' motion to dismiss the individual Defendants in their official capacity is granted.

### C. *Monell* Claim

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy,

practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). Under section 1983, "local governments are responsible only for 'their own illegal acts' . . . and are not vicariously liable under § 1983 for their employee's actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)) (emphasis omitted). In order to establish liability under *Monell*, a plaintiff must demonstrate that (1) the plaintiff "possessed a constitutional right of which [s]he was deprived;" (2) that the municipality had a policy, custom and/or practice; (3) that the policy, custom and/or practice "amounts to deliberate indifference to the plaintiff's constitutional right;" and (4) the municipal policy, custom and/or practice was "the moving force behind the constitutional violation." *Dougherty*, 654 F.3d at 900. Defendants move to dismiss Plaintiffs' *Monell* claim as inadequately pleaded. They point out that Plaintiffs' sole factual allegation as to *Monell* is a settlement the County reached in *Babbitt v. County of Alameda*, Case No. 15-cv-3247-EDL (N.D. Cal.), another case involving an excessive force claim, in that instance an entirely different use of force, namely a carotid hold.

In *Starr*, the Ninth Circuit set forth the following pleading standard to be applied to *Monell* claims:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation.

652 F.3d at 1216; *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (reasserting *Starr* pleading standard for *Monell* claims); *Galindo v. City of San Mateo*, No. 16-cv-03651-EMC, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016) (explaining that "*Monell* allegations must be [pled] with specificity"); *La v. San Mateo Cty. Transit Dist.*, Case No. 14-cv-01768-WHO, 2014 WL 4632224, at *7 (N.D. Cal. Sept. 16, 2014) (same); *Bagley v. City of Sunnyvale*, Case No. 16-cv-02250-LHK, 2017 WL 344998, at *11 (N.D. Cal. Jan. 24, 2017) (same).

Plaintiffs' allegations do not meet these standards. They vaguely allege that there is a

government "policy or custom . . . [that] inflicted the injury" at issue and that the County has "promot[ed] or ratif[ied] similar Constitutional deprivations," citing to one case alleging excessive force against the County. *See* Compl. ¶¶ 41, 42. First, that case did not result in a finding of liability against the County because it settled. Second, in addition to not identifying any specific policy or custom, the complaint does not even state which of the alleged constitutional violations resulted from the unnamed policy. Plaintiffs' opposition asserts that the *Monell* claim relates to their excessive force and unreasonable confinement claims, but the court will not consider new allegations that appear only in Plaintiffs' opposition brief. *See Wilson v. Town of Danville*, Case No. 17-cv-00863-DMR, 2017 WL 2335545, at *3 (N.D. Cal. May 30, 2017) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis omitted) (citing *Schneider*, 151 F.3d at 1197 n. 1). In *Wilson*, this court rejected similarly vague allegations. *See Wilson*, 2017 WL 2335545, at *3. Plaintiffs' allegations here are likewise deficient. Third, neither the complaint nor the opposition explain how Plaintiffs' other section 1983 claims against the County are separate from their *Monell* claim. The County is liable for section 1983 claims only if Plaintiffs' injury was caused by an "action pursuant to official municipal policy." *Monell*, 436 U.S. at 691. Plaintiffs' sixth claim already pleads municipal liability under *Monell* and so the other section 1983 claims against the County merely repeat that theory.

For the reasons stated above, the *Monell* claim is dismissed.

### D. First and Fifth Claims

Defendants argue that the first claim (alleging violations of constitutional rights under section 1983) is duplicative of the fifth claim (alleging excessive force). Section 1983 "is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred." *See e.g.*, *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The first claim vaguely alleges constitutional violations without tying those claims to any particular constitutional violation. A claim under section 1983 cannot be alleged independently. *Id.* The first claim is therefore dismissed.

7

### E. Third and Fourth Claims

Defendants argue that the third claim (alleging unlawful seizure) is duplicative for the fourth claim (alleging unlawful detention). Both these claims arise under the Fourth Amendment right to be free from "unreasonable . . . seizures." U.S. Const. amend IV. Plaintiffs assert that the claims are distinct because "[a]n investigatory detention is less intrusive than an arrest." Opp. at 9.

Prior to the U.S. Supreme Court's decision in *Terry v. Ohio*, 392 U.S. 1 (1968), "the Fourth Amendment's guarantee against unreasonable seizures of persons was analyzed in terms of arrest, probable cause for arrest, and warrants based on such probable cause." *Dunaway v. New York*, 442 U.S. 200, 208 (1979). The Court subsequently recognized an exception to the general rule. Under *Terry*, "limited intrusions" such as "stop and frisks" were defined as "substantially less intrusive than arrests" and therefore the Court considered it unnecessary to analyze such detentions under a probable cause standard. *See id.* at 209. Therefore, Plaintiffs are correct that there may be distinct claims for an unlawful arrest and a *Terry* stop. However, the complaint completely fails to establish a distinction. The only difference between the third and fourth claims is that the fourth claim mentions Yarborough's actions in releasing his dog. The third claim asserts that Plaintiffs have the "right to be free from unreasonable detentions and seizures," thereby obfuscating the difference between that claim and the fourth. Without factual allegations laying out the specific unlawful conduct for each claim, these claims appear to be duplicative. The fourth claim is therefore dismissed. Plaintiffs may amend their complaint to allege unlawful detention with distinct allegations for that claim.

### F. Negligent Infliction of Emotional Distress

"[A] plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim . . . ." *Thing v. La Chusa*, 48 Cal. 3d 644, 667–68 (1989). Negligent infliction of emotional distress ("NIED") is not an independent tort; rather, it is "a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Blanco v. Cty. of Kings*, 142 F. Supp. 3d 986, 1004 (E.D. Cal. 2015). In addition

to pleading the elements of NIED, a plaintiff must plead that "the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993); *id.* at 984 ("[T]here is no duty to avoid negligently causing emotional distress to another . . . ."). Under California law, "[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008) (alterations in original)).

Defendants argue that either (1) Plaintiffs' NIED claim is not viable under California law or (2) it is subsumed under Plaintiffs' eighth claim for negligence. *See* Mot. at 10-11; Reply at 10. The first argument fails. The caselaw cited above does not state that a NIED claim is invalid as a matter of law; instead, it must also be paired with a claim alleging a defendant's breach of "some other legal duty." *Potter*, 6 Cal. 4th at 985. Plaintiffs here allege a separate claim for negligence, which may serve as the basis for an NIED claim. Defendants' second argument is also meritless. Ms. Gillespie's NIED claim alleges that she suffered emotional distress as a result of Defendants' negligence toward her son. These claims are not duplicative since the underlying negligence is alleged as to Mr. Gillespie while the NIED claim is alleged as to Ms. Gillespie. Defendants do not argue that Ms. Gillespie otherwise failed to plead the elements of NIED. However, Plaintiffs have not adequately alleged an NIED claim as to Mr. Gillespie. The complaint and opposition only allege facts about Ms. Gillespie's emotional distress and do not suggest that Mr. Gillespie witnessed injury to another person or suffered emotional distress as a result.

Accordingly, Defendants' motion to dismiss is denied as to Ms. Gillespie but Mr. Gillespie's NIED claim is dismissed.

### G. Vicarious Claims

Defendants move to dismiss the first, fifth, seventh, eighth, ninth, and twelfth claims as to Ms. Gillespie. They assert that these claims do not allege injury to Ms. Gillespie herself but rather

to her son. *See Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). The court already dismissed the first claim, so Defendants' argument on that point is moot. With respect to Ms. Gillespie's fifth claim (for excessive force) and twelfth claim (for failure to provide appropriate medical care), the complaint alleges no facts as to Ms. Gillespie and only references Defendants' allegedly wrongful acts toward Mr. Gillespie. Although Defendants did not move on Plaintiffs' second claim, the court sua sponte dismisses that claim as to Ms. Gillespie because it similarly fails to allege any facts about her. Ms. Gillespie's eighth claim (for negligence) is also insufficient. It does allege that Defendants acted negligently toward her directly by "entering [Plaintiffs'] home" but does not allege how this action constitutes a breach of any duty toward her. Ms. Gillespie's ninth claim (for assault/battery) does refer to her directly, as she alleges that "Deputies assaulted the GILLESPIES by entering their home with a show of force" and that Ms. Gillespie "reasonably believed she was about to be touched in a harmful or offensive manner." Compl. ¶ 54. However, these anemic facts at most allege a claim for assault since Ms. Gillespie alleges no facts that Defendants physically touched her. *Robles v. In the Name of Humanity, We Refuse to Accept a Fascist Am.*, Case No. 17-cv-04864-CW, 2018 WL 10604117, at *8 (N.D. Cal. Sept. 14, 2018), *aff'd sub nom. Robles v. City of Berkeley*, Ct. App. No. 19-15148, 2020 WL 3888309 (9th Cir. July 10, 2020) (explaining that, in California, battery requires a physical touch). Thus, Ms. Gillespie's ninth claim survives only as to the assault claim. As discussed further below, Ms. Gillespie's assault claim may serve as the basis for a Bane Act claim, and therefore her seventh claim survives as well.

Accordingly, Defendants' motion is granted as to Ms. Gillespie's second, fifth, eighth, and twelfth claims. It is granted as to Ms. Gillespie's ninth claim insofar as she alleges battery on herself. The motion is denied as to her seventh claim.

**H.   Bane Act**

California's Bane Act allows a claim for violation of a plaintiff's state or federal civil rights when the violation is achieved through "threats, intimidation, or coercion." Cal. Civ. Code § 52.1. A plaintiff must show that an officer had a "specific intent" to violate the plaintiffs' rights. *Id.* (quoting *Cornell*, 17 Cal. App. 5th at 801). Defendants argue that the complaint fails to allege facts

that Defendants intentionally violated Plaintiffs' rights. Plaintiffs do not respond to this argument, as they merely reassert that Defendants violated Plaintiffs' state and federal rights without mention of whether they had intent to do so. The complaint does allege intent with respect to the assault and battery claim but fails to allege any facts supporting intent with respect to the other claims. *See* Compl. ¶ 53.

Defendants' motion is therefore granted, except as to Mr. Gillespie's assault and battery claim and Ms. Gillespie's assault claim.

### I.      Twelfth Claim

Defendants argue that that Mr. Gillespie's twelfth claim for failure to provide medical care should be dismissed as inadequately pleaded. Generally, "a public entity is not liable for . . . [a]n injury to any prisoner." Cal. Govt. Code § 844.6. However, Mr. Gillespie's claim rests on the limited exception in Government Code section 845.6:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Cal. Govt. Code § 845.6. Plaintiffs assert that Defendants "failed to take reasonable action to treat Plaintiff GILLESPIE's dog bite wounds," and as a result, "GILLESPIE suffered a severe infection . . . [that] required months of hospitalization." Compl. ¶ 66.

First, Defendants argue that the exception in section 845.6 does not apply because Mr. Gillespie was not a prisoner at the time the wounds were inflicted. Mot. at 13. Plaintiffs do not dispute this point. They instead assert that Defendants failed to summon medical care when Mr. Gillespie was later taken into custody. Opp. at 12. Defendants appear to concede that Mr. Gillespie could bring a claim based on his subsequent incarceration as they do not respond to this point.

Second, Defendants argue that Plaintiffs have at most pleaded that Mr. Gillespie received inadequate medical treatment, which does not fall under the limited exception for failure to *summon* medical care. Mot. at 13-14; *see also* Cal. Gov't Code § 845.6. "Section 845.6 is very narrowly

11

written to authorize a cause of action against a public entity for its employees' failure to summon immediate medical care only, not for certain employee's malpractice in providing that care." *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013); *see also Watson v. State of California*, 21 Cal. App. 4th 836, 841 (1993) ("Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care."). The complaint does not allege that Defendants failed to summon medical care; instead, it asserts that Deputies took Mr. Gillespie to the hospital after he was bitten by the canine officer and then transported Mr. Gillespie to Santa Rita Jail, where he was treated by medical staff. Compl. ¶ 16. Plaintiffs' opposition does not add any additional facts suggesting that Mr. Gillespie was ever in need of immediate medical care for which treatment was not provided. The complaint and opposition at most imply that Mr. Gillespie developed an infection as a result of inadequate care. *See* Opp. at 12 ("The alleged deprivation of *adequate* medical care . . . ."). These allegations are not sufficient to impose liability under section 845.6.[1] *See Watson*, 21 Cal. App. 4th at 843 (rejecting the claim that public entities and employees have a duty to provide "reasonable medical care").

Accordingly, Mr. Gillespie's twelfth claim is dismissed.

## IV. LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district

---

[1] However, "a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state" is not immune from liability "for injury proximately caused by malpractice." Cal. Gov't Code § 845.6. To the extent that Plaintiffs claim that Defendants committed malpractice under section 845.6, that claim also fails since no medical staff are named as defendants. *See Watson*, 21 Cal. App. 4th at 842 ("Section 845.6 requires that the medical malpractice action be brought against the employees, not the public entity.").

court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit." *FlatWorld Interactives LLC v. Apple Inc.*, 12-CV-01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013). "Rather, '[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *Id.* (quoting *Eminence Capital*, 316 F.3d at 1052).

There is no evidence that Plaintiffs acted with undue delay or bad faith in this matter. However, the court notes that Plaintiffs' allegations are sparse and vague. Further, many of the arguments Plaintiffs made in their opposition are clearly at odds with well-established law. Plaintiffs' counsel are experienced attorneys and frequent litigators in this court, particularly with respect to section 1983 actions. They are well aware of the pleading standards for the claims brought in the complaint and significantly undershot that mark here.

Still, because it is not clear that amendment would be futile, and to avoid prejudice to Plaintiffs, the court grants leave to amend.

**V.     CONCLUSION**

For the reasons stated above, Defendants' motion is granted in part and denied in part. It is granted as to all defendants other than Yarborough; the individual defendants in their official capacities; Plaintiffs' first, fourth, sixth, and twelfth claims; Plaintiffs' second, third, and fifth claims as against the County;  Plaintiffs' seventh claim except insofar as it relies on Mr. Gillespie's assault and battery claim and Ms. Gillespie's assault claim; Mr. Gillespie's eleventh claim; Ms. Gillespie's second, fifth, and eighth claims; and Ms. Gillespie's ninth claim insofar as it alleges battery. The motion is otherwise denied.

Plaintiffs shall file an amended complaint addressing the deficiencies identified in this order by no later than September 14, 2020. They must plead their best case.

13

**IT IS SO ORDERED.**

Dated: August 31, 2020

_____
Donna M. Ryu
United States Magistrate Judge